Miller *v.* The State, 5 Howard, 250.

### Selling Liquor in Less Quantity than One Gallon.

The act of 1839, which declares that "it shall not be lawful for any person to sell or retail any vinous or spirituous liquors in less quantities than one gallon, nor suffer the same, or any part thereof, to be drank or used in or about his or her house," creates two distinct offenses; and hence an indictment which charges the defendant with "selling or retailing less than one gallon," and "permitting the same to be used in and about his or her house," is bad for duplicity.

Where the indictment contains some good counts and some bad, and the verdict of the jury is general, the verdict will be sustained, upon the presumption that it was found under the good count.

Error to the criminal court of Adams county.

*D. S. Jennings* for plaintiff in error.

*Collins*, attorney general.

Trotter, J.:

The plaintiff in error was indicted in the criminal court of Adams county for selling spirituous liquors in less quantities than one gallon, in violation of the act of 1839. The indictment has three counts; in the first of which the defendant is charged with having unlawfully sold and retailed vinous and spirituous liquors in less quantities than one gallon; and also with having then and there suffered the same so sold, as aforesaid, to be drunk in and about his house. The second count charges that the defendant did unlawfully and gratuitously, and without special charge therefor, offer, give and deliver said liquor in less quantity than one gallon to persons who were the guests of the said defendant. The third count contains a general charge of a violation of the act, but specifies no instance. The jury found the defendant guilty; when he moved to arrest the judgment, which was overruled, and final judgment rendered against him.

Two errors have been assigned: 1st, That the indictment is defective; 2d, That the record does not show that the grand jury were sworn as required by law.

1st. The objection to the indictment is confined chiefly to the structure of the first count, which, it is said, contains two distinct offenses; the one for selling in less quantities than one

gallon, and the other for suffering the spirits to be drank in and about the house of the defendant.

The section of the indictment under which this count of the indictment was framed, is in the following words : " It shall not be lawful for any person to sell or retail any vinous or spirituous liquors in less quantities than one gallon, nor suffer the same to be drank or used in and about his or her house."

This section does, evidently, embrace two separate and distinct offenses. The first member of the section makes it unlawful to sell in a less quantity than one gallon. The violation of the act is completed by the sale of the prohibited quantity; and it is immaterial, in that case, whether the spirits are drank about the house of the vendor or elsewhere. The second member of the section makes it unlawful for the person selling the spirits to suffer the same to be drank about his house, whatever may be the quantity which is sold. A person may hence be guilty under the second member of the section who has committed no violation in the first. For instance, it is lawful to sell one gallon under the act, but it is not lawful, when so sold, for the vendor to suffer it to be drank in or about his house. This count is, therefore, manifestly bad for duplicity and uncertainty.

It is impossible for the defendant to ascertain what violation of the law he is charged with under this count. He could not, therefore, be prepared, from any information which it communicates, to make his defense. For this reason it is bad. The second count is a charge of violating that section of the statute which provides that it shall not be lawful for any innkeeper to offer any spirituous liquors to his guests, either gratuitously, or without special charge therefor, in less quantities than one gallon (How. & Hutch., Dig., 187); and contains a statement of the offense with sufficient certainty to justify a conviction. It is alleged that the defendant is a tavern-keeper and inn-keeper, and as such did offer and give spirits to his guests, without charge for the same, in less quantities than one gallon. This being the case, the general verdict of guilty will be sufficient to warrant the judgment. For the principle is well settled, that if there be one or more good counts in a bill

of indictment, the verdict will be supposed to have been found under them, and judgment will not be reversed because there may be one faulty count. This point has been frequently settled by this court.

The objection that it does not appear from the record that the grand jury was sworn, must have been taken under a misapprehension of the record, for it shows that fact fully.

The judgment must be affirmed.